IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASHLEY M. MAHDY,
LOTTIE MARIE TRAMONTE MAHDY,
CHRISTIAN SZABO-WILLIAMS, and
LINDA M. MANSELL as parent and next friend
of minor ALEXIS MANSELL,

                Plaintiffs,

v.                                            No. CIV-13-0852 MV/LAM

LARRY J. CEARLEY, and the
VILLAGE OF MAGDALENA, NEW MEXICO,

                Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

    **THIS MATTER** is before the Court on Plaintiffs' ***Motion to Amend Complaint***
*(Doc. 24)*, filed February 26, 2014.   Defendants filed a response to the motion on March 13, 2014
[*Doc. 32*], and Plaintiffs filed a reply on March 27, 2014 [*Doc. 33*].   Having considered the
parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set
forth below, recommends that Plaintiffs' ***Motion to Amend Complaint (Doc. 24)*** be **DENIED**.

    On March 4, 2014, United States District Judge Martha Vázquez designated the
undersigned to hear and determine this motion in accordance with 28 U.S.C. § 636(b)(1)(A) and
Federal Rule of Civil Procedure 72(a).   [*Doc. 29*].   Section 636(b)(1)(A) authorizes a magistrate

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended
Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings
and recommended disposition.   A party must file any objections with the Clerk of the United States District
Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have
appellate review of the proposed findings and recommended disposition.   If no objections are filed, no
appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's
objections within fourteen (14) days after being served with a copy of the objections.

judge to hear and determine pretrial matters, other than motions for injunctive relief and dispositive matters, and the standard of review of these types of orders is whether the magistrate judge's order is clearly erroneous or contrary to law.   However, the Tenth Circuit has explained that, when a magistrate judge determines a dispositive matter, the magistrate judge should issue a recommendation that can be reviewed upon objections under the *de novo* standard of review.   *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) (interpreting Section 636(b)(1)(A) in light of Fed. R. Civ. P 72 procedures for magistrate judges to follow regarding pretrial matters).   The Tenth Circuit further explains that "Rule [72] reflects the division in section 636(b) between matters as to which magistrate[] [judges] may issue orders and matters as to which magistrate[] [judges] may make only proposed findings of fact and recommendations," and that even though "the Rule does not list the specific motions which fall into each category, but simply refers to matters as either 'dispositive' or 'not dispositive' of a claim or defense," "[a]s to *any* dispositive matter, magistrate [judge] authority is limited and the district court must use the *de novo* standard of review."   *Id.*   Therefore, "motions not designated on their face as one of those excepted in [Section 636(b)(1)](A) are nevertheless to be treated as such a motion when they have an identical effect."   *Id.* (citation omitted); *see also Georgacarakos v. Wiley*, Civil Action No. 07-cv-01712-MSK-MEH, 2009 WL 440934, at *5 (D.Colo. Feb. 23, 2009) (unpublished) ("Because the Magistrate Judge's recommendation is dispositive as to the new claim the Plaintiff seeks to assert, the Court reviews the objected-to portion of the Recommendation *de novo*.") (citing Fed. R. Civ. P. 72(b)); *Wood v. World Wide Assoc. of Specialty Programs and Schools, Inc.*, No. 2:06-CV-708 TS; 2008 WL 4065622, at *1 (D.Utah Aug. 26, 2008) (unpublished) (explaining that a determination of whether to grant a motion to amend a Complaint based on the

grounds of futility is a dispositive determination and should be reviewed using a *de novo* standard); and *McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2003 WL 158704, at *1 (D.Kan. Jan. 17, 2003) (unpublished) (explaining that, while a motion to amend the Complaint is typically a non-dispositive ruling subject to the clearly erroneous standard of review, a determination of a motion to amend based on futility grounds is similar to a motion to dismiss under Rule 12(b)(6), which is dispositive and subject to *de novo* review).   As further set forth below, the Court finds that Plaintiffs' motion to amend should be denied on futility grounds because the claim they seek to add would not survive a motion to dismiss.   Therefore, Plaintiffs' motion to amend necessitates a dispositive determination and the undersigned will proceed under 28 U.S.C. § 636(b)(1)(B) and enter proposed findings of fact and recommendations pursuant to that statute.

## BACKGROUND

As set forth in Plaintiffs' original Complaint [*Doc. 1*], Plaintiffs Ashley Mahdy and Lottie Tramonte Mahdy own and operate a motel and RV park in Magdalena, New Mexico.   [*Doc. 1* at 2].   Plaintiff Christian Szabo-Williams was renting an RV from Plaintiffs Ashley Mahdy and Lottie Tramonte Mahdy on property adjacent to the motel and RV park.   *Id.*   Plaintiff Alexis Mansell, who was a minor at the time the Complaint was filed, was present in the rented RV on the morning at issue.   *Id.* at 3.   On July 11, 2013, Defendant Cearley, the Town Marshal in Magdalena, along with other agents, entered the RV and the Mahdy residence and detained, seized and searched Plaintiffs Szabo-Williams and Mansell.   *Id.* at 3 and 8.   On the same morning, the same agents arrested Plaintiffs Ashley Mahdy and Lottie Tramonte Mahdy in their residence.   *Id.* at 7-8.   Plaintiffs state that the warrant obtained by Defendant Cearley, which alleged an operation to grow marijuana, was based on and contained false information, and that the agents

exceeded the scope of the warrant in their actions on July 11, 2013.  *Id.* at 5-6.  Plaintiffs allege violations of their civil rights by Defendants, specifically: (1) illegal entry of Plaintiff Christian Szabo-Williams' home without a warrant, consent or exigent circumstances; (2) illegal search and seizure and false arrest of all Plaintiffs; (3) excessive force; (4) state law tort claims, including negligent hiring, training, supervision and retention; and (5) business torts including slander, libel and defamation as to Plaintiffs Ashley Mahdy and Lottie Tramonte Mahdy.  *Id.* at 22-27.

On December 10, 2013, a Rule 16 Initial Scheduling Conference was held in this case at which Defendant was given a deadline of January 15, 2014 in which to file a qualified immunity motion, and deadlines were set for discovery, motions related to discovery, expert witness disclosures, pre-trial motions, pre-trial orders, and amendment of the pleadings.  [*Doc. 16*].  On December 31, 2013, the parties filed an unopposed motion to amend the scheduling order, asking the Court to allow Plaintiffs to take the depositions of the other law enforcement officers involved in the incident in question within the next 45 days and to allow Defendants to file their motion for qualified immunity within 30 days of the conclusion of those depositions.  [*Doc. 19*].  The Court entered the proposed order submitted by the parties which granted this unopposed motion and stayed all deadlines imposed in the scheduling order (*Doc. 16*).  [*Doc. 20*].  On February 26, 2014, Plaintiffs filed their motion to amend their Complaint.  [*Doc. 24*].  On March 6, 2014, following a telephonic status conference at which all parties were present, the Court entered an order staying all discovery pending a ruling on the motion to amend the Complaint, except for allowing the previously-scheduled deposition of Plaintiff Szabo-Williams to go forward.  [*Docs. 30* (Clerk's Minutes) and *31* (Order)].  The Court further ordered that

4

Defendants shall have 20 days from entry of a final order on Plaintiffs' motion to amend the Complaint to file a motion for qualified immunity.   [*Doc. 31* at 2].

In Plaintiffs' motion to amend their Complaint, Plaintiffs state that, at the time the original Complaint was filed, Plaintiff Ashley Mahdy did not know that Defendant Cearley had initiated a criminal case for misdemeanor possession of marijuana against him.   [*Doc. 24* at 2].   Plaintiffs further state that, upon taking the depositions of three of the five other agents present at the raid, Plaintiffs learned that Defendant Cearly had "duped" the other agents with regard to the investigative work he had done as to the property at issue.   *Id.* at 2-3.   Plaintiffs, therefore, state that they do not need to add any parties because the depositions showed that the searches were caused by Defendant Cearley.   *Id.* at 3.   However, Plaintiffs ask to amend their Complaint to delete Plaintiff Mansell's mother who brought the suit on her behalf as her parent and next friend because Plaintiff Mansell is now an adult.   *Id.* at 3.   In addition, Plaintiffs ask to amend their Complaint to clarify that Defendant Cearley "duped" the other agents and that there was a failure to investigate prior to this "duping."   *Id.*   Plaintiffs state that, if they are allowed to amend their Complaint, any planned qualified immunity motions would be unnecessary.   *Id.*   Plaintiffs further state that their proposed amended Complaint clarifies their allegations of damages.   *Id.* at 4.

Plaintiffs' amended Complaint, which is attached to their motion at Document 24-1, modifies some of the paragraphs in the sections titled "Parties and Background" and "Additional Factual Recitations" to include allegations regarding Defendant Cearley as set forth above.   *See* [*Doc. 24-1* at 1-28].   In addition, the proposed amended Complaint adds a claim for malicious prosecution under 42 U.S.C. § 1983 (*Doc. 24-1* at 29-33), and does not include the claims for

excessive force under 42 U.S.C. § 1983 and for "Business Torts as Part and Parcel of Slander, Libel and Defamation" (*compare Doc. 1* at 22-27 *with Doc. 24-1* at 28-34).   While Plaintiff's proposed amended Complaint changes the wording of the title of their state law claim under N.M.S.A. § 41-4-12, the allegations remain the same.   *Compare* [*Doc. 1* at 24-25] *with* [*Doc. 24-1* at 33-34].   Plaintiffs' proposed amended Complaint also changes the wording of some of the other claims in their original Complaint, but the overall claims appear to be the same.

In their response to Plaintiffs' motion to amend their Complaint, Defendants state that they do not oppose changing the status of Plaintiff Mansell from a minor to an adult and removing her mother from the action.   [*Doc. 32* at 1].   Defendants, however, oppose the rest of the motion for the following reasons.   First, Defendants contend that the motion is untimely because motions to amend the pleadings were due by January 10, 2014, and the motion was not filed until February 26, 2014.   *Id.*   Second, Defendants contend that the motion is untimely because Plaintiff Ashley Mahdy was arraigned on the possession of marijuana charges on October 21, 2013, at which time he asked that this present counsel be appointed to represent him, so Plaintiffs have known about those charges since that time and should have moved to amend their motion to add a malicious prosecution claim earlier.   *Id.* at 1-2.   Third, Defendants contend that Plaintiffs' motion is in violation of the order entered on January 2, 2014,[1] which stayed all deadlines in this case pending a ruling on Defendants' anticipated motion for qualified immunity. *Id.* at 2 (citing *Document 20*).   Finally, Defendants contend that Plaintiffs' attempt to add a malicious prosecution claim is futile because Plaintiff Ashley Mahdy "pled guilty, or no contest, to the possession charges," and a malicious prosecution claim requires that the criminal prosecution

---

[1] Defendants incorrectly state that *Document 20* was entered on January 20, 2014, when it was actually entered on January 2, 2014.   *See* [*Doc. 20*].

was terminated in favor of the plaintiff.   *Id.* at 2-3.   Therefore, Defendants contend that Plaintiffs' proposed amended Complaint "does nothing of any substance except to clarify the status of Ms. Mansell which can be done through interlineation or stipulation," and that "[t]he malicious prosecution claims are wholly without merit and not only subject to dismissal, but possibly subject to Rule 11 sanctions."   *Id.* at 3.

In their reply, Plaintiffs contend that they should be allowed to amend their Complaint because the deposition testimony of the three agents "strongly supports a more focused theory that Defendant Cearley will never be entitled to qualified immunity because he deceived those officers, the state magistrate judge, and failed to do any meaningful investigative work to support the deceptive affidavit he filed in support of his warrant."   [*Doc. 33* at 1].   Plaintiffs state that their proposed amended Complaint shows that the case is not as much about the scope of the searches pursuant to a properly obtained warrant but, instead, the case is about whether the warrant was properly obtained in the first place.   *Id.* at 1-2.   Plaintiffs contend that their motion to amend is not untimely because all of the deadlines in the scheduling order had been stayed by the Court in *Document 20*, and that Plaintiffs did not move to enlarge the time to file a motion to amend their Complaint because they understood that they were deposing the agents in part in order to evaluate whether they would need to amend their Complaint.   *Id.* at 2-3.   Plaintiffs further contend that they did not include a malicious prosecution claim in the original Complaint because Plaintiff Ashley Mahdy did not know at the time it was filed that a criminal charge had been filed against him as a result of the raid.   *Id.* at 6.   Plaintiffs state that they put in their joint status report that they may amend their Complaint to add the new claim and told defense counsel the same.   *Id.* at 7. Finally, Plaintiffs contend that their malicious prosecution claim is not futile because it is based on

a "bad warrant" and it is not precluded by Plaintiff Ashley Mahdy's no contest plea as part of a deferred dismissal.  *Id.* at 7-8.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows amendment of a pleading, after a responsive pleading has been served, "only with the opposing party's written consent or the court's leave."   While leave to amend should be freely given (Fed. R. Civ. P. 15(a)(2)), the Court may refuse leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."   *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation and internal quotation marks omitted).

## ANALYSIS

### A.  *Timeliness of the Motion to Amend*

Defendants contend that Plaintiffs' motion to amend is untimely because their deadline to amend their pleadings was January 10, 2014.  *See* [*Doc. 32* at 1] and [*Doc. 15* at 3] (order adopting the parties' Joint Status Report and Provisional Discovery Plan and setting case management deadlines).   Plaintiffs state that their motion to amend is not untimely because all of the deadlines in the scheduling order were stayed by the Court on January 2, 2014, in *Document 20*.  *See* [*Doc. 33* at 2].   However, the order referred to by Plaintiffs (*Doc. 20*) stayed the deadlines in the scheduling order (*Doc. 16*), not the order setting case management deadlines (*Doc. 15*), and the parties' deadlines to amend their pleadings are set forth in the court's order setting case management deadlines, so those deadlines were not stayed by *Document 20*.   The motion filed by the parties asking the Court to amend the scheduling order makes no mention of

the parties' deadlines to amend their pleadings (*see Doc. 19*), and the order granting this motion, which was submitted to the Court by the parties, refers only to the scheduling order (*Doc. 16*) and makes no mention of the parties' deadlines to amend their pleadings. *See* [*Doc. 20*]. The Court, therefore, finds no support for Plaintiffs' contention that their deadline to amend their pleadings was stayed by *Document 20*, and, therefore, Plaintiffs' motion to amend was filed outside the deadline set by the Court in *Document 15*. Nevertheless, the Court finds that Plaintiffs' explanation for their untimeliness -- that they thought the deadline to amend their pleadings was stayed by *Document 20* -- is reasonable given the similarity between *Document 15* and *Document 16*.

Defendants also contend that Plaintiffs' motion to amend is untimely because Plaintiffs have known about the criminal charges against Plaintiff Ashley Mahdy since October 21, 2013. [*Doc. 32* at 1-2]. Plaintiffs state that, instead of immediately seeking to amend the Complaint when they learned of these charges, they put in their "[Joint Status Report] Contentions that [they] may amend to include the new claim, and verbally told defense counsel same." [*Doc. 33* at 7]. Plaintiffs state that the proposed amended Complaint followed the Court's order allowing the depositions of the other agents "as part of the 'evaluation process' of possibly amending." *Id.* Despite Plaintiffs' statement, the Joint Status Report [*Doc. 8*] does not contain any statement that Plaintiffs may seek to amend their Complaint to include a malicious prosecution claim. The only mention of amendments by Plaintiffs is "if discovery indicates a need to add claims or partis." [*Doc. 8* at 2]. Such a general statement is insufficient notice of intent to add a malicious prosecution claim. Nevertheless, the Court finds that Plaintiffs' explanation that they did not move to modify the deadline as soon as they learned of Plaintiff Ashley Mahdy's criminal charges

because they understood that they were deposing the other agents in part to evaluate the need to further amend the Complaint based on those depositions is reasonable.   Because there is no evidence before the Court of undue delay, bad faith or dilatory motive on the part of Plaintiffs, the Court does not recommend denying Plaintiffs' motion to amend because it was filed outside the deadline set in *Document 15* or because it was not immediately filed after Plaintiffs learned of Plaintiff Ashley Mahdy's criminal charges.

### B.   *Whether the Motion to Amend is in Violation of Document 20*

Next, Defendants contend that Plaintiffs' motion is in violation of the order staying "all proceedings" entered by the Court in *Document 20*.   [*Doc. 32* at 2].   The Court finds that this contention is without merit for two reasons.   First, *Document 20* does not stay all proceedings, as alleged by Defendants, but, instead, only stayed the deadlines imposed in the Court's Scheduling Order (*Doc. 16*), which did not include the parties' deadlines to amend their pleadings.   Second, the Court finds no support for Defendants' assertion that the only additional pleading that was contemplated by *Document 20* was a qualified immunity motion.   The parties' motion to amend the scheduling order asks the Court to allow Plaintiffs to depose the other agents involved in the incident prior to Defendants filing their motion for qualified immunity, and, as grounds for the motion, states that after the qualified immunity motion is filed, Plaintiffs would only be entitled to take limited discovery on the issues raised in the motion for qualified immunity.   *See* [*Doc. 19*]. This supports Plaintiffs' contention that they thought the depositions were allowed for Plaintiffs to investigate issues outside of qualified immunity and that the purpose behind the depositions was for Plaintiff to pursue additional discovery outside of the scope of qualified immunity.   If this was not the case, then there would have been no reason for Defendants to delay in filing their qualified

immunity motion until after Plaintiffs had deposed the other agents since Defendants agreed that Plaintiffs could have pursued limited discovery as to qualified immunity even after the qualified immunity motion was filed.  *Id.* ("Defendants acknowledge that when [the qualified immunity motion] is filed, Plaintiffs would be entitled to take limited discovery on the issues raised in the Motion.").   The Court, therefore, finds that Plaintiffs' motion to amend is not precluded by *Document 20* and recommends that it not be denied on that basis.

### C.   *Whether the Motion to Amend is Futile*

Defendants contend that it would be futile to allow Plaintiffs to amend their Complaint to add a malicious prosecution claim.  [*Doc. 32* at 2].   Defendants contend that the claim is without merit because New Mexico law allows recovery for malicious prosecution only if the criminal action is terminated in favor of the plaintiff and, here, Plaintiff Ashley Mahdy pled guilty, or no contest, to the possession charges, which is not a favorable termination.   *See* [*Doc. 32* at 2] (citing *Pierce v. Gilchrist*, 349 F.3d 1279, 1291 (10th Cir. 2004) and *Mendoza v. K-Mart, Inc.*, 587 F.2d 1052, 1057 (10th Cir. 1978)).   Plaintiffs, however, contend that it does not matter how Plaintiff Ashley Mahdy's charges were dismissed, and that pleading no contest or guilty to the charges does not preclude a § 1983 action for due process violations related to that crime based on false statements by officers.   [*Doc. 33* at 7-8] (citing *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011)).

Plaintiffs' malicious prosecution claim in their proposed amended Complaint alleges that, because Defendant Cearley's search of Plaintiff Ashley Mahdy's home was made in violation of Plaintiffs' constitutional rights, there was no probable cause to support Plaintiff Ashley Mahdy's

prosecution for misdemeanor marijuana and paraphernalia possession.   [*Doc. 24-1* at 30].   The

Tenth Circuit has held that

> a § 1983 malicious prosecution claim requires proof of the
> following elements: (1) the defendant cased the plaintiff's continued
> confinement of prosecution; (2) the original action terminated in
> favor of the plaintiff; (3) no probable cause supported the original
> arrest, continued confinement, or prosecution; (4) the defendant
> acted with malice; and (5) the plaintiff sustained damages.

*Miller v. Spiers*, No. 07-2134, 339 Fed Appx. 862, 867, 2009 WL 2219256 (10th Cir.

July 27, 2009) (unpublished) (citations omitted).   The parties agree that Plaintiff Ashley Mahdy

pled "no contest" to the possession of marijuana and drug paraphernalia charges.   *See* [*Doc. 32-2*]

(Judgment and Sentence).   However, pleas of "no contest" do not constitute termination in favor

of the plaintiff with regard to the second element for § 1983 malicious prosecution claims.   *See*

*Mendoza*, 587 F.2d at 1057 ("New Mexico law allow[s] recovery for malicious prosecution [o]nly

if the criminal prosecution against the plaintiff is disposed of in a way which indicates his

innocence.") (citing Restatement (Second) of Torts § 660 cmt. A (1965)); *see also Howard v.*

*Dickerson*, 34 F.3d 978, 981 n.2 (10th Cir. 1984) (explaining that in New Mexico, pleas of "no

contest" fall under the definition of "conviction") (citing N.M. Stat. § 30-1-11); *see also Miller*,

339 Fed. Appx. at 868 (finding that the plaintiff's legal theory which is premised on conspiracy to

commit malicious prosecution, is repudiated by the plaintiff's no contest plea because that plea

resulted in the plaintiff accepting the charges brought pursuant to that conspiracy); and *Ball v.*

*Dillard II*, No. 2:99CV933C, 2000 WL 33710848, at *3 (D. Utah May 26, 2000) (unpublished)

(explaining that "dispositions similar to a plea in abeyance [including those based on a no contest

plea] preclude malicious prosecution claims since such dispositions are not 'in plaintiff's favor,'"

and that "a plea in abeyance is not meant to indicate that the accused is innocent; rather the plea

agreement is an attempt to provide some leniency in certain situations") (citations omitted); *see also* [*Doc. 32-2*] (Plaintiff Ashley Mahdy's Judgment and Sentence stating: "It is adjudged that defendant is Guilty").

While Plaintiffs state that "[p]leading 'no contest' or 'guilty' to a crime does not preclude § 1983 action for due process violations related to that crime, based on false statements by officers" (*Doc. 33* at 8), the case relied on by Plaintiffs for that contention is distinguishable.   In *Brown v. Montoya*, 662 F.3d 1152, 1157-60 (10th Cir. 2011), the plaintiff alleged violation of his constitutional rights because he was wrongly required to register as a sex offender and was placed in a sex offender probation unit when his probation officer wrongly claimed he had information that the plaintiff's conviction for false imprisonment involved a minor.   Plaintiff brought a motion before the sentencing court to modify his probation conditions by removing him from the sex offender probation unit.   *Id.* at 1159.   Plaintiff then sued his probation officer, among others, under § 1983 for wrongly directing him to register as a sex offender and placing him in the sex offender probation unit.   *Id.* at 1160.   The Tenth Circuit held that the plaintiff's probation officer was not entitled to qualified immunity for plaintiff's procedural due process claim against him. *Id.* at 1166.   This case is distinguishable from the case before the Court because it does not involve a malicious prosecution claim for a guilty or no contest plea.   Instead, the plaintiff in *Brown* was allowed to pursue his § 1983 claim for wrongfully being required to register as a sex offender on the basis of a conviction for false imprisonment, which involved actions taken by an officer *after* the plaintiff's conviction and did not challenge the propriety of the underlying conviction.   In this case, Plaintiff Ashley Mahdy is attempting to pursue a § 1983 claim regarding charges to which he pled no contest.   The Court, therefore, finds that *Brown* does not support

13

Plaintiffs' argument that their malicious prosecution claim is not precluded by Plaintiff Ashley Mahdy's no contest plea.

 The other cases cited by Plaintiffs also fail to support Plaintiffs' argument. *See* [*Doc. 33* at 9-10].  In *Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004), the Tenth Circuit explained that the plaintiff had satisfied the element that the original action must have been terminated in favor of the plaintiff because the plaintiff's conviction and sentence were vacated and set aside when the plaintiff was found to be factually innocent of committing the crimes for which he was charged and convicted, which is not similar to Plaintiff Ashley Mahdy's no contest plea at all. Similarly, in *Wilkins v. DeReyes*, 528 F.3d 790, 803 (10th Cir. 2008) (cited by Plaintiffs at *Doc. 33* at 9), the Tenth Circuit found that the district attorney's dismissal of the charges by filing *nolle proseques* satisfied the element of termination in favor of the plaintiffs because "[t]he dismissals were not entered due to any compromise or plea for mercy by [the plaintiffs]," which is not the case with Plaintiff Ashley Mahdy's no contest plea.  *See also Robinson v. Maruffi*, 895 F.2d 649, 653 (10th Cir. 1990) (cited by Plaintiffs in *Doc. 33* at 10) (the plaintiff was acquitted of the criminal charges upon which he brought his action for malicious prosecution) and *Poolaw v. Marcantel*, 565 F.3d 721, 732-33 (10th Cir. 2009) (cited by Plaintiffs in *Doc. 33* at 10) (does not involve malicious prosecution claim).

 Because Plaintiffs cannot show that the drug possession charges were terminated in favor of Plaintiff Ashley Mahdy, which is required to support a claim for malicious prosecution under § 1983, the Court finds that Plaintiffs' malicious prosecution claim is futile and recommends that Plaintiffs' motion to amend their Complaint to add that claim be denied.  With regard to Plaintiffs' request to amend their Complaint to clarify their allegations, the Court finds that it is

14

unnecessary to do so by an amended Complaint.   As all lawsuits progress, additional facts become available to the parties and the issues sometimes evolve.   However, the Court sees no reason to allow Plaintiffs to amend their Complaint to add facts that can be addressed as needed in discovery and by motion practice as the case moves along.   In addition, to the extent Plaintiffs seek to amend their Complaint to preemptively dispose of a qualified immunity motion by Defendants (*see Doc. 24* at 3 stating "Planned qualified immunity motions should be inapt if the amended Complaint attached hereto is filed"), this is not the proper avenue by which to challenge qualified immunity, and the issue of whether Defendants may or may not be entitled to qualified immunity is not properly before the Court.   With regard to Plaintiff Mansell's status as an adult, the Court recommends that the clerk's office be ordered to modify the docket in this case so that Plaintiff Alexis Mansell is listed as a plaintiff and to remove Linda M. Mansell as her parent and next friend.

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that:

1.   Plaintiffs' ***Motion to Amend Complaint*** *(Doc. 24)* be **DENIED**;

2.   The clerk's office amend the docket of this case so that Plaintiff Alexis Mansell is listed as a plaintiff and Linda M. Mansell is removed as her parent and next friend; and

3.   Defendants shall have twenty (20) days from entry of a final order on Plaintiffs' ***Motion to Amend Complaint*** *(Doc. 24)* in which to file their motion for qualified immunity, pursuant to *Document 31*.

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

15